PER CURIAM.
Appellant brings this appeal from a final judgment ruling that appellees are owners in fee simple of certain realty located in Charlotte County.
The suit was initiated by appellant’s petition for declaratory judgment but was transferred to the law side as a suit for ejectment, it appearing that appellees were in possession of the disputed land. Prior to the trial it was stipulated that appellant was the record titleholder and that appellees were claiming ownership by adverse possession without color of title. It was further stipulated that appellees and their predecessors had not returned the property for taxation and that consequently the alleged adverse possession must have culminated prior to June 5, 1939, the effective date of the amendment to Florida Statutes, Sec. 95.19 (1965), F.S.A., requiring the pay *276 ment of taxes as an element of adverse possession without color of title. At the close of the trial the jury rendered its verdict to the effect that appellees had acquired title by adverse possession, whereupon the judgment here appealed was entered.
Appellant contends that the evidence was insufficient to support the verdict. An examination of the record shows that the evidence supports a conclusion that appellees derived their title from one T. S. Dixon and that said T. S. Dixon was in open, notorious, and hostile possession of the land as described in the verdict for an uninterrupted period of more than seven (7) years prior to June S, 1939.
We have considered appellant’s two remaining points on appeal and find them to be without substantial merit. The appealed judgment is accordingly affirmed.
Affirmed.
ALLEN, Acting C. J., and PIERCE and HOBSON, JJ., concur.